UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

A.G., B.R., R.M. et al.,

     Plaintiffs,

  v.

STIIIZY, INC., et al.,

     Defendants.

Case No. 2:26-cv-05089-SRM-SK

**ORDER DENYING PLAINTIFFS' MOTION TO PROCEED UNDER A PSEUDONYM [4]**

Before the Court is Plaintiffs A.G., B.R., R.M.'s Motion to Proceed Under a Pseudonym. Dkt. 4. Having considered the parties' briefings, relevant legal authority, and record in this case, the Court **DENIES** Plaintiffs Motion to Proceed Under a Pseudonym.

**I. Discussion**

"[T]he identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Doe*, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007). Generally, under Federal Rule of Civil Procedure 10(a), a plaintiff must name all the parties in the title of the complaint. Nevertheless, parties may proceed anonymously when "special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

-1-

Specifically, parties may use pseudonyms "in the unusual case when nondisclosure of the party's identity is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* (internal quotation marks and citation omitted). The party may preserve his or her anonymity "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.*

Plaintiffs' reference to potential harms related to the stigma associated with cannabis use is insufficient to justify the "unusual case" where protecting a party's identity is necessary. *Advanced Textile Corp.*, 214 F.3d at 1068; Dkt. 4 at 3-5. Any unredacted personal information in Plaintiff's Complaint, which concerns cannabis use, do not present facts that are "sensitive and highly personal nature," and thus do not warrant anonymity. Compare *Advanced Textile*, 214 F.3d at 1068; *Roe v. Wade*, 410 U.S. 113 (1973) (abortion); *Doe v. Lally*, 467 F. Supp. 1339 (D. Md. 1979) (prison rape); *Doe v. Carleson*, 356 F.Supp. 753 (N.D. Cal. 1973) (illegitimacy and paternal abandonment); with *4 Exotic Dancers v. Spearmint Rhino*, No. CV 08-4038 ABC, 2009 WL 250054 C.D. Cal. 2009 (denying former exotic dancers anonymity despite their interest in keeping private their previous occupations).

In sum, Plaintiffs' attempt to establish a need for anonymity, thus does not outweigh the "'the public's common law right of access to judicial proceedings' [that] is firmly established and creates a presumption against anonymity." *Doe v. Cty. of El Dorado*, No. 2:13-CV-01433-KJM, 2013 WL 6230342, at *5 (E.D. Cal. Dec. 2, 2013) (quoting *Advanced Textile*, 214 F.3d at 1067). *See also U.S. v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008) ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.")

//
//
//

-2-

## II.   Conclusion

Accordingly, Plaintiff's Motion for Order to Proceed Under a Pseudonym [4] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: July 21, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE